**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 7-2-18

SECURITIES AND EXCHANGE COMMISSION,

       **Plaintiff,**

-against-

PERRY SANTILLO, CHRISTOPHER PARRIS, PAUL ANTHONY LAROCCO, JOHN PICCARRETO, THOMAS BRENNER, FIRST NATIONLE SOLUTION, LLC, PERCIPIENCE GLOBAL CORPORATION, and UNITED RL CAPITAL SERVICES,

       **Defendants.**

18 Civ. 5491 (JGK)

**ORDER FOR A PRELIMINARY INJUNCTION, AN ASSET FREEZE, AND OTHER RELIEF AS TO DEFENDANTS CHRISTOPHER PARRIS, PERCIPIENCE GLOBAL CORPORATION, AND UNITED RL CAPITAL SERVICES**

On June 19, 2015, Plaintiff Securities and Exchange Commission (the "Commission") filed an emergency application (the "Application") for an *ex parte* order:

(1)   Directing Defendants Perry Santillo ("Santillo"), Christopher Parris ("Parris"), Paul Anthony LaRocco ("LaRocco"), John Piccarreto ("Piccarreto"), Thomas Brenner ("Brenner"), First Nationle Solution, LLC ("First Nationle"), Percipience Global Corporation ("Percipience"), and United RL Capital Services ("United RL") (collectively "Defendants") to show cause why an order should not be entered, pending final disposition of this action:

  (a)   Temporarily restraining Defendants from violating the securities laws identified in the Complaint;

  (b)   Temporarily freezing Defendants' assets;

  (c)   Ordering Defendants to repatriate all funds, assets, or other property originating from Defendants' solicitation of investor funds, by transferring to the registry of this

Court all such assets, funds, and other property held in foreign accounts in their names, or for their benefit or under their direct or indirect control, or for which they exercise control or signatory authority; and

(d) Prohibiting Defendants from destroying or altering documents in their possession, custody, or control, including documents concerning allegations in the Complaint or the assets or finances of Defendants, and ordering expedited discovery and a sworn accounting.

On June 19, 2018, the Court issued an Order to Show Cause and Temporary Restraining Order Freezing Assets and Granting Other Relief, and set this matter for hearing on June 29, 2018 at 11:00 a.m. Eastern Time directing the Defendants to show why the foregoing relief should not be entered pending a final disposition of this action.

On June 29, 2018, at 11:00 a.m. Eastern Time, after having been properly served with the Order to Show Cause, Defendants Parris, Percipience, and United RL failed to appear at the hearing and failed to show cause why this Court should not enter a preliminary injunction order against them pursuant to Rule 65 of the Federal Rules of Civil Procedure.

The Court has considered the entire record of this case. Based on the record, the Court finds that it has jurisdiction over the subject matter of this action and over Defendants Parris, Percipience, and United RL, and that the requirements for a preliminary injunction are satisfied as explained in the June 19, 2018 Order to Show Cause and at the hearing on June 29, 2018.

NOW, THEREFORE,

I.

**IT IS ORDERED** that, pending a final disposition of this action, Defendants Parris, Percipience, and United RL and each of their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this

Order by personal service, facsimile service, telephonic notice, email notice, or otherwise, and each of them, are restrained from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; Defendant Parris and each of his officers, agents, servants, employees and attorneys and those persons in active concert or participation with him who receive actual notice of this Order by personal service, facsimile service, telephonic notice, email notice, or otherwise, and each of them, are restrained from violating Sections 206(1) and 206(2) of the Act [15 U.S.C. §§ 80b-6(1) and 80b-6(2)], and restrained from aiding and abetting violations of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] by Defendants First Nationle, Percipience, and United RL (the "Entity Defendants").

## II.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Defendants Parris, Percipience, and United RL and each of their financial and brokerage institutions, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service, telephonic notice, email notice, or otherwise, and each of them, hold and retain within their control and otherwise prevent (except to the extent this Order requires any transfer to repatriate assets to the United States) any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal (including the use of any credit cards or any other incurring of debt) of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever, in whatever form such assets may presently exist and wherever located) of, held by, or under the control of

Defendants Parris, Percipience, and United RL, whether held in their name or for their direct or indirect beneficial interest, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of Defendants Parris, Percipience, and United RL to hold or retain within its control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties, including without limitation all assets, funds, or other properties held in Defendants Parris's, Percipience's, and/or United RL's name, held by Defendants Parris, Percipience, and United RL, or under Defendants Parris's, Percipience's, and/or United RL's control.

## III.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, (a) Defendants Parris, Percipience, and United RL shall immediately repatriate all funds, assets or other property originating from Defendants' solicitation of investor funds, held in foreign accounts in their names, or for their benefit or under their direct or indirect control, or which they exercise control or signatory authority, by transferring to the registry of this Court all such assets, funds, and other property; (b) with respect to all funds and assets outside the jurisdiction of this Court that are repatriated by Defendants Parris, Percipience, and United RL, such assets shall be subject to the restriction described in paragraph II above; and (c) with respect to any other asset owned and/or controlled by Defendants Parris, Percipience, and United RL that is now located outside the jurisdiction of this Court (including, but not limited to, any monies, securities, or real or personal property), the Defendant(s) with ownership or control over the asset shall immediately identify the location of such asset, the price paid or consideration given, and the date upon which it was purchased.

### IV.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Defendants Parris, Percipience, and United RL are enjoined and restrained, and any person or entity acting at the direction of or on behalf of any of them is enjoined and restrained from destroying or altering documents, books, and records that are in the possession, custody, or control of Defendants Parris, Percipience, and United RL, their respective agents, servants, employees, and attorneys, and those persons in active concert or participation with them, including documents that concern the allegations in the Complaint or Defendants Parris's, Percipience's, and/or United RL's finances.

### V.

**IT IS FURTHER ORDERED** that is Order shall be, and is, binding upon Defendants Parris, Percipience, and United RL, and each of their agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, email, overnight courier, or otherwise.

### VI.

**IT IS FURTHER ORDERED** that nothing in this Order alters or eliminates the provisions in the Court's June 19, 2018 Order to Show Cause and Temporary Restraining Order Freezing Assets and Granting Other Relief.

### VII.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this matter for all purposes.

So ordered this 29th day of June, 2018 at 6:59 p.m.

John G. Koeltl
U.S.D.J.

6/29/18

5

**SO ORDERED**, this _____ day of June, 2018

_____
UNITED STATES DISTRICT JUDGE