**NOBLES & DECAROLIS**
CRIMINAL DEFENSE & PERSONAL INJURY

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/29/2018

James Nobles, Esq.                                                                 Brian DeCarolis, Esq.

August 28, 2018

Hon. John G. Koeltl
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:    SEC v. Perry Santillo, et al.
       18-CV-5491

Dear Judge Koeltl:

      By way of this letter I hereby bring a motion to amend, with the SEC's consent, the memorandum, opinion, and order filed in this case on July 11, 2018. On page 15 of that order, the Court authorized Mr. Santillo to open bank accounts in relation to Boyle Trucking, the Utica building, and revenue generated by commissions of insurance sales by High Point received after the date of the order, allowing him to draw the lesser of 5% or $5,000.00 each month from the High Point revenue for living expenses.

      Based upon my conversations with Mr. Santillo and some of the banking representatives, he has tried, unsuccessfully, to open these bank accounts at five different banks in the Rochester area, including ESL Federal Credit Union, Five Star Bank, Reliant Credit Union, Ukrainian Federal Credit Union, and Chase Bank. In addition to Mr. Santillo's efforts to open these authorized accounts by providing a copy of the memorandum and order of the Court, I have also spoken to bankers at the Genesee Valley and Chase Banks in an attempt to assist Mr. Santillo in opening said accounts. Each and every one of these banks, after reviewing the order, responded that they are not willing to open any accounts for Mr. Santillo, based on a "business decision." This has obviously left Mr. Santillo in a very difficult position, not only personally, but also for preserving and protecting any and all assets for future disgorgement, or restitution should the same be sought by the SEC, DOJ, or any other government body. It is Mr. Santillo's desire to try to preserve any and all assets for disgorgment, restitution, or other fines and fees associates with the cases in which he is involved.

      Additionally, in the same order, the Court froze any and all other assets held by Mr. Santillo which included a parcel of real property owned by "Lucian Development". Although not a Defendant in the SEC case, this is an LLC owned and operated by Mr. Santillo. The properties are 636-638 Hercules, 120-122 Crusader, 300-302 Skybolt, 515-517 Liberator, 131-133 Fury, 500-506 Jupiter, 301-307 Bomarc, and 516-522 Invader, in Gwinn, Michigan, 49841 (hereinafter "the properties"). These properties are a dilapidated series of apartments which had one occupant at the time of the issuance of the seizure order. They now have zero occupants. Upon

45 Exchange Blvd
Suite 275
Rochester NY 14614
www.noblesdefense.com

james@noblesdefense.com
brian@noblesdefense.com
P 585 546 1260
F 585 697 9214

information and belief, these apartments are in a significant state of disrepair. As they continue to remain unoccupied, they will likely result in serious dissipation of this asset.

Prior to the freeze order, Mr. Santillo, on behalf of Lucian Development, had entered into a purchase agreement for the properties mentioned above, for $150,000.00, with a buyer names Scott Ciullo. A copy of the agreement has been provided to the SEC. Based upon conversations with Mr. Ciullo, it is my understanding that he would like to move forward with the purchase of these properties. It is Mr. Santillo's sincere desire to follow through with this sale to preserve this asset for any potential disgorgement or restitution required by the government.

I make this motion to the Court and ask that it consider amending the current order to allow me, as Mr. Santillo's attorney, to hold the proceeds from the sale of the properties listed herein, as well as the residual monthly income from High Point, in an individual trust account. I have discussed both these requests with Dugan Bliss of the SEC, and I believe there would be no opposition from the SEC. It is my sole intention to hold the proceeds from the Michigan property sale until the resolution of this case, or any other matter, at which time the Court would order the release of the same toward disgorgement or restitution. In terms of the High Point residuals, it is my intent to hold all those funds deposited from High Point, with the exception of the lesser amount of 5% or $5,000.00 per month as previously allowed by the Court. In that regard, since that order was originally issued in July 11, 2018, I would request that I be allowed to make such payment to Mr. Santillo as ascertained from the July income and the August income, and at the end of September, and each month thereafter.

I respectfully request that the Court consider amending its current order to allow for this preservation of assets as previously described.

Respectfully submitted,

*[signature]*

James Nobles, Esq.

JN/heg

The SEC shall respond to this letter by September 5, 2018. If the SEC agrees to Mr. Santillo's request, the parties shall submit a proposed order. SO ORDERED.

*[signature]*

Valerie E. Caproni
United States District Judge
Part I
August 29, 2018