USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/17/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. SECURITIES AND EXCHANGE
COMMISSION,

                    Plaintiffs,

- against -

PERRY SANTILLO, et al.,

                    Defendants.

18 Civ. 5491 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

    This case is an action by the United States Securities and Exchange Commission ("SEC") alleging that the defendants operated a Ponzi scheme that defrauded at least 637 investors out of more than $102 million. (Dkt. No. 1.) The movant, Doris Olsen, purports to be 1 of the 637 victims. (Movant's Mem. at 1; SEC Opp'n at 1.) The movant asserts that she has obtained a judgment against defendant First Nationale Solutions, LLC ("FNS"), and seeks to intervene in this case to enforce her judgment. For the following reasons, the movant's motion to intervene is **denied**.

I.

    In the underlying action, SEC v. Santillo (18cv5491) (the "underlying action"), the SEC filed suit alleging that the defendants operated a Ponzi scheme that defrauded hundreds of investors. (Compl. ¶ 1, Dkt. No. 1.) On, June 19, 2018, the Court issued an Order to Show Cause, which included an asset

1

freeze to preserve the status quo and to protect the SEC's ability to collect any disgorgement and civil penalties. (Dkt. No. 6.) The Court subsequently continued the asset freeze against the defendants, including FNS. (Dkt. No. 15.)

The movant claims to be one of the victims of the defendants' scheme. (Movant's Mem. at 1.) In March 2018, the movant filed a state-court action in Michigan to recover damages against two of the defendants in the underlying action, Perry Santillo and FNS. (Id. Ex. A.) She obtained a judgment against defendant FNS in the amount of $512,140.98 on July 19, 2018. (Id. Ex. B.) Due to the asset freeze in this action, the movant claims to be unable to enforce her judgment. (Id. at 1-2.) The movant now seeks to intervene in this action to enforce her judgment.

## II.

The movant seeks to intervene under Federal Rules of Civil Procedure 24(a)(2) and 24(b). The SEC argues in opposition to the motion that the movant is not entitled to intervene as a matter of right and that the Court should not allow permissive intervention. The SEC also argues that Section 21(g) of the

Exchange Act bars the movant from intervening. 15 U.S.C. § 78u(g).

### A.

In order to intervene as of right, an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action. Fed. R. Civ. Pro. 24(a)(2); N.Y. News, Inc. v. Kheel, 972 F.2d 482, 485 (2d Cir. 1992). The SEC does not contest that the application was timely filed or that the movant has an interest in the action. Thus, the only issues before the Court are whether the movant's interests will be impaired and if her interests are adequately protected.

At the outset, it is important to note that it would be contrary to the fair and equitable treatment of all victims of the alleged Ponzi scheme to incentivize individual investors who have been defrauded to bring their own actions in an attempt to secure early judgments and beat out other defrauded investors. See, e.g., SEC v. Byers, No. 08cv7104, 2008 WL 5102017, at *1 (S.D.N.Y. Nov. 25, 2008) ("As a practical matter, it does not make sense to allow individual victims and creditors to intervene as parties."). Rather, the proper procedure is to allow the SEC to bring its action and secure any appropriate

3

judgment, and then to allow the judgment to be divided fairly among those who were defrauded. SEC v. Canadian Javelin Ltd., 64 F.R.D. 648, 650 (S.D.N.Y. 1974) ("[O]ur Court of Appeals has held that intervention as of right by victims of alleged securities frauds in an SEC enforcement action is inappropriate." (citing SEC v. Everest Mgmt. Corp., 475 F.2d 1236, 1239 (2d Cir. 1972))). If intervention were allowed in such cases, funds would be distributed on the basis of who won the race to the courthouse, rather than on the harm each investor suffered. Such interventions would delay and complicate SEC actions, which should be focused on determining what, if any, judgment should be entered against the defendants. See Everest Mgmt. Corp., 475 F.2d at 1239 n.5 ("Suffice it to say that in our view it is preferable to require private parties to commence their own actions than to have SEC actions bogged down through intervention.").

In this case, the movant claims that her interest in obtaining her entire judgment will be impaired if she is not allowed to intervene because she is likely to receive a substantially smaller recovery if she waits for distribution or receivership at the end of the underlying action. This is unpersuasive – every other injured investor could make the same argument. Any assets the movant may be entitled to have been frozen by this Court's previous Order. (See Dkt. Nos. 6, 15.)

This freeze is sufficient to protect the movant's potential judgment during the pendency of the underlying action, and she may object to any proposed distribution or receivership at the appropriate time. Thus, the Court finds the movant's interests will not be impaired by denying her motion to intervene.

The movant also asserts that the SEC will not adequately represent her interests because the SEC is attempting to obtain a judgment on behalf of all injured investors, rather than ensuring that she – a judgment creditor – recovers her full losses. The movant contends that if she is not allowed to intervene to enforce her judgment now, she will be relegated to waiting for a pro rata distribution of funds that will almost certainly be less than the full amount she is owed. This is the unfortunate nature of these actions; there is often insufficient funds after a fraudulent scheme to make all investors whole. But this does not justify allowing some investors to obtain their full judgments, leaving others to receive even less, if anything. The SEC seeks to obtain a judgment on behalf of all injured investors, and to maximize that judgment. Thus, the movant's legitimate interests are adequately protected. See, e.g., Everest Mgmt. Corp., 475 F.2d at 1240; Byers, 2008 WL 5102017, at *1; Canadian Javelin, Ltd., 64 F.R.D. at 650 ("[I]ntervention as of right by victims of alleged securities frauds in an SEC enforcement action is inappropriate.").

The movant's motion to intervene as a matter of right under Rule 24(a)(2) is **denied**.

### B.

The movant also seeks permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). Under that Rule, the Court may "permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The movant does not have a common question of law or fact with the SEC because the movant has already obtained a judgment and seeks only to enforce it. The SEC seeks to establish the liability of all the defendants and the amount of that total liability. Moreover, "[i]n exercising its discretion[ for permissive intervention], the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Id. 24(b)(3). The Court declines to allow permissive intervention in this case. Allowing the movant to intervene would create delay, increase the parties' workload, and add additional issues. Everest Mgmt. Corp., 475 F.2d at 1240 (holding that the district court did not abuse its discretion in denying a motion by victims of alleged securities fraud to intervene in the SEC's case); see also SEC v. Caledonian Bank Ltd., 317 F.R.D. 358, 368 (S.D.N.Y. 2016) ("Permissive

intervention is strongly disfavored in SEC enforcement actions . . . .").

Therefore, the movant's motion for permissive intervention is **denied**.

## CONCLUSION

For the foregoing reasons, the movant's motion to intervene is **denied**. The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. The Clerk is directed to close docket number 38.

**SO ORDERED.**

Dated: New York, New York
September 17, 2018

_____
John G. Koeltl
United States District Judge