UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                         Plaintiff,

-against-

PERRY SANTILLO, CHRISTOPHER PARRIS, PAUL ANTHONY LAROCCO, JOHN PICCARRETO, THOMAS BRENNER, FIRST NATIONLE SOLUTION, LLC, PERCIPIENCE GLOBAL CORPORATION, and UNITED RL CAPITAL SERVICES,

                         Defendants.

18 Civ. 5491 (JGK)
ECF Case

**Plaintiff Securities and Exchange Commission's Opposition to Defendant Thomas Brenner's Motion to Stay Civil Action Pending Resolution of Criminal Proceedings**

Marc P. Berger
Lara S. Mehraban
Thomas Smith
Dugan Bliss
Dina Levy
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
200 Vesey Street, Suite 400
New York, New York 10281-1022
(212) 336-0971 (Bliss)

September 19, 2018

**TABLE OF CONTENTS**

                                                                                                                   **Page**

INTRODUCTION ............................................................................................................1

PROCEDURAL AND FACTUAL BACKGROUND....................................................1

ARGUMENT .................................................................................................................2

    I.    A Stay Is an "Extraordinary Remedy" that the Constitution Does Not Require ...........2

    II.    A Pre-Indictment Stay Is Not Warranted ........................................................4

CONCLUSION ..............................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Gellis v. Casey*, 338 F. Supp. 651 (S.D.N.Y. 1972) ..................................................................... 4

*In re 650 Fifth Avenue*, No. 1:08-cv-10934-RJH, 2011 WL 3586169
 (S.D.N.Y. Aug. 12, 2011) ........................................................................................................ 3

*In re Par Pharma., Inc. Sec. Litig.*, 133 F.R.D. 12 (S.D.N.Y. 1990) ............................................. 5

*Louis Vuitton Malletier, S.A. v. LY USA, Inc.*, 676 F.3d 83 (2d Cir. 2012) ............................ 2-3, 4

*Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72 (1st Cir. 2004) ......................... 4

*SEC v. Constantin*, No. 11 Civ. 4642 (MHD), 2012 WL 1195700
 (S.D.N.Y. April 9, 2012) .................................................................................................... 5, 6-7

*SEC v. Dresser Indus.*, 628 F.2d 1368 (D.C. Cir. 1980) ......................................... 2, 3, 5, 6, 8 n.1

*SEC v. Drucker*, No. 76 Civ. 2643, 1979 WL 1196 (S.D.N.Y. Mar. 30, 1979) ............................ 6

*SEC v. First Fin. Group of Texas, Inc.*, 659 F.2d 660 (5th Cir. 1981) .......................................... 6

*SEC v. Gilbert*, 79 F.R.D. 683 (S.D.N.Y. 1978) ........................................................................... 6

*SEC v. Grossman*, 121 F.R.D. 207 (S.D.N.Y. 1987) .................................................................... 4

*SEC v. McGinnis*, 161 F. Supp. 3d 318 (D. Vt. 2016) .................................................................. 6

*SEC v. Musella*, No. 83 Civ. 342, 1983 WL 1297 (S.D.N.Y. Apr. 4, 1983) ........................... 3-4, 6

*SEC v. Wheeler*, No. 11-CV-6169-CJS, 2011 WL 4745048 (W.D.N.Y. Oct. 7, 2011) ............. 6, 7

*Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573 (S.D.N.Y. 2001) ................... 5, 7

*Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F.
 Supp. 1134 (S.D.N.Y. 1995) ................................................................................................. 4-5

*United States v. Dist. Council of NY City and Vicinity of the United Brotherhood of Carpenters
 and Joiners of Am.*, 782 F. Supp. 920 (S.D.N.Y. 1992) ....................................................... 4, 6

*United States v. Kordel*, 397 U.S. 1 (1970) .................................................................................. 2

*United States v. Private Sanitation Ind. Ass'n of Nassau/Suffolk, Inc.*, 811 F. Supp. 802
 (E.D.N.Y. 1992) ........................................................................................................... 5-6

*Walsh Securities, Inc. v. Cristo Property Mgmt. Ltd.*, 7 F. Supp. 2d 523 (D.N.J. 1998) ................ 8

**Constitutional Provisions**
 U.S. Const. amend. V ................................................................................................. 1, 2, 3, 4, 5

Plaintiff Securities and Exchange Commission ("Commission") respectfully submits this opposition to the motion to stay civil action pending resolution of criminal proceedings ("Motion") [Docket No. 60] filed by Defendant Thomas Brenner ("Brenner").

## INTRODUCTION

Brenner seeks to stay this Commission enforcement action pending the conclusion of a criminal investigation that has not yet resulted in an indictment against him. District courts in this Circuit routinely decline to grant a defendant's motion to stay a Commission enforcement action before an indictment has been returned. Courts in this and other Circuits have held that the significant public interest in prompt enforcement of the securities laws weighs against a pre-indictment stay of such an action. Brenner undoubtedly faces the choice of testifying in this civil action and therefore potentially prejudicing himself in any future criminal case, or asserting his Fifth Amendment privilege and having an adverse inference drawn against him in this action. While difficult, that choice is not unconstitutional and is no reason to delay this enforcement action to the detriment of the public interest.

## PROCEDURAL AND FACTUAL BACKGROUND

The Commission filed the Complaint and Application for an Order to Show Cause on June 19, 2018 alleging that Defendants operated a more than $102 million Ponzi scheme that defrauded at least 637 investors. Docket No. 1. The Court issued an Order to Show Cause that day, including an asset freeze to preserve the status quo and to protect the Commission's ability to collect on any final judgment of this Court ordering Defendants to pay disgorgement and civil penalties. Docket No. 6. Between June 27 and July 2, 2018, the Court issued preliminary injunctions against each Defendant. Docket Nos. 15, 16, 18, 19, 21.

Brenner asserts that he is the target of a criminal investigation, though he has not been indicted, based on the same underlying alleged violations at issue in this civil case. Motion at 2. Brenner filed an Answer in which he asserted his Fifth Amendment privilege against self-incrimination. Docket No. 59. The Commission served Brenner with discovery requests and a deposition notice, but he has not responded or testified. Motion at 2-3.

## ARGUMENT

District courts in this Circuit have routinely rejected defendants' requests for pre-indictment stays of Commission enforcement actions. Seeking such a stay, Brenner makes the same arguments that have been rejected for decades. The public has an important interest in a speedy resolution of the Commission's case to ensure that evidence does not fade and that the Defendants are enjoined from committing future securities fraud, ordered to disgorge their ill-gotten gains for the benefit of defrauded investors, and ordered to pay a civil penalty. This public interest trumps any difficult (but not unconstitutional) choice Brenner must make as to whether to assert his Fifth Amendment privilege in this action.

### I. A Stay Is an "Extraordinary Remedy" that the Constitution Does Not Require.

The Supreme Court recognized over forty years ago in *United States v. Kordel*, 397 U.S. 1, 11 (1970), that parallel civil and criminal proceedings are appropriate and constitutional. As the Court of Appeals for the D.C. Circuit put it in the leading case of *SEC v. Dresser*, "effective enforcement of the securities laws require that the SEC and [the Department of] Justice be able to investigate possible violations simultaneously." *SEC v. Dresser,* 628 F.2d 1368, 1377 (D.C. Cir. 1980).

Courts do not automatically stay civil proceedings when a defendant has been charged criminally. *See Louis Vuitton Malletier, S.A. v. LY USA, Inc.*, 676 F.3d 83, 96-104 (2d Cir. 2012)

(reasoning that "the Constitution rarely, if ever requires such a stay" and finding no abuse of discretion in denial of stay even where parallel criminal proceeding concerned the same subject matter); *Dresser*, 628 F.2d at 1377 ("The SEC cannot always wait for Justice to complete the criminal proceedings if it is to obtain the necessary prompt civil remedy."). Instead, a stay should be imposed only after a "particularized inquiry into the circumstances of, and the competing interests in, the case." *Louis Vuitton*, 676 F.3d at 99.

While the Court has discretion to stay this proceeding, *Louis Vuitton,* 676 F.3d at 96-97, in the Second Circuit a stay of a civil proceeding "to permit conclusion of a related criminal prosecution has been characterized as an extraordinary remedy." *Id.* at 99 (quotation and citation omitted, emphasis supplied). Further, the "person seeking a stay bears the burden of establishing its need." *Id*. at 97 (quotation and citation omitted).

Dozens of courts in this and other Circuits have denied motions for such discretionary stays from defendants. Defendants routinely argue, as Brenner does, that they are faced with the difficult choice of (1) testifying in a civil deposition and responding to discovery, and thus potentially prejudicing themselves in any future criminal proceeding; or (2) asserting their Fifth Amendment privilege in a civil deposition and in response to discovery, and thus facing an adverse inference in the civil case. Courts have routinely rejected the argument that such a dilemma warrants the "extraordinary remedy" of a stay of the civil action. *See, e.g., In re 650 Fifth Avenue*, 2011 WL 3586169, at *2-5 (S.D.N.Y. Aug. 12, 2011). As one court in this district has explained:

> [Defendant] expresses his discomfort at having to choose between testifying in a deposition in a civil action, or asserting his fifth amendment privilege .... But the discomfort of the defendant's position does not rise to the level of a deprivation of due process. Others have faced comparable circumstances; the choice may be unpleasant, but it is not illegal, and must be faced.

3

*SEC v. Musella*, 1983 WL 1297, at *1-2 (S.D.N.Y. Apr. 4, 1983) (denying defendant's motion for a stay of Commission enforcement action where defendant was a target of a grand jury inquiry but no indictment had been returned); s*ee also, e.g., Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 79 (1st Cir. 2004) ("[A]n unindicted defendant who argues that going forward with a civil proceeding will jeopardize his Fifth Amendment rights usually presents a much less robust case for such extraordinary relief."); *United States v. Dist. Council of NY City and Vicinity of the United Brotherhood of Carpenters and Joiners of Am.*, 782 F. Supp. 920, 925 (S.D.N.Y. 1992) ("The fact that defendants face a potentially unpleasant choice is no reason to stay discovery."); *SEC v. Grossman*, 121 F.R.D. 207, 210 (S.D.N.Y. 1987) ("defendant's dilemma" does not merit "a stay on all civil proceedings in this case"); *Gellis v. Casey*, 338 F. Supp. 651, 653 (S.D.N.Y. 1972) ("There is no violation of due process where a party is faced with the choice of testifying or invoking the Fifth Amendment.").

## II. A Pre-Indictment Stay Is Not Warranted.

To determine whether the extraordinary remedy of a stay under these circumstances is "prudential," courts often consider the following factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Louis Vuitton*, 676 F.3d at 99-100; *accord Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995). Those factors, however, "do no more than act as a rough guide." *Id.* at 99. "The district court's decision ultimately requires and must rest upon a particularized inquiry into the circumstances of, and the

competing interests in, the case." *Id*. (quotation and citation omitted). Courts have often focused on "the extent to which continuing the civil proceeding would unduly burden a defendant's exercise of his rights under the Fifth Amendment." *Id*. at 97 (citations omitted). However, the Fifth Amendment "rarely, if ever, *requires* such a stay." *Id.* at 98 (emphasis in original); *see also, e.g., SEC v. Constantin*, 2012 WL 1195700, at *2 (S.D.N.Y. April 9, 2012) (denying stay). Further, in weighing the implications for a defendant's Fifth Amendment rights, courts will also consider the strong public interest in the prompt resolution of SEC actions. *Dresser*, 628 F.2d at 1375.

As Judge Lynch explained, the second factor – including whether a defendant has been indicted – is the most important:

> Pre-indictment, these factors must be balanced significantly differently. Though many of the same risks to the civil defendant are present, the dangers are at least somewhat more remote, and it is inherently unclear to the Court just how much the unindicted defendant really has to fear. Conversely, the delay imposed on the plaintiff is potentially indefinite. There is no telling how complicated the government's investigation may be, whether the allegations of the particular civil plaintiff are merely the tip of an iceberg that will result in a lengthy and open-ended investigation, what priority the government assigns to the investigation, whether it will result in charges that will have to be litigated, or how time consuming the resulting criminal case will be. Under these circumstances, the likelihood that a civil party can make the necessary showing to obtain the extraordinary remedy of a stay ... is inevitably much reduced.

*Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 577 (S.D.N.Y. 2001). For these reasons, "[t]he weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment ... but will deny a stay of the civil proceeding where no indictment has issued." *In re Par Pharma., Inc. Sec. Litig.*, 133 F.R.D. 12, 13-14 (S.D.N.Y. 1990) (collecting cases); *United States v. Private Sanitation Ind.*

5

*Ass'n of Nassau/Suffolk, Inc.*, 811 F. Supp. 802, 805-06 (E.D.N.Y. 1992) ("Pre-indictment requests for a stay of civil proceedings are generally denied."); *United States v. District Council of New York City and Vicinity of United Brotherhood of Carpenters and Joiners of Am.*, 782 F. Supp. 920, 925 (S.D.N.Y 1992) (denying pre-indictment stay and collecting cases); *see also, e.g., SEC v. Constantin*, 2012 WL 1195700, at *1 (denying pre-indictment stay of proceedings); *SEC v. Wheeler*, 2011 WL 4745048, at *5-6 (W.D.N.Y. Oct. 7, 2011) (same); *SEC v. Musella*, 1983 WL 1297, at *1 (S.D.N.Y. Apr. 4, 1983) (same); *SEC v. Drucker*, 1979 WL 1196, at *2 (S.D.N.Y. Mar. 30, 1979) (same); *SEC v. Gilbert*, 79 F.R.D. 683, 686 (S.D.N.Y. 1978) (same); *but see SEC v. McGinnis*, 161 F. Supp. 3d 318, 322-324 (D. Vt. 2016) (granting 90-day stay of a Commission civil proceeding before any criminal indictment, where the defendants' assets had recently been seized by the Department of Justice, "underscor[ing] the likelihood that a criminal indictment [was] indeed forthcoming.").

Although Commission enforcement actions often include allegations that overlap with the conduct at issue in a criminal investigation, there is a significant public interest in allowing the Commission to obtain prompt relief against securities law violators, particularly in the absence of an indictment. *See SEC v. Dresser Indus.*, 628 F.2d at 1380 (affirming the denial of a motion to quash a Commission investigative subpoena while a criminal investigation was pending and finding that "the Commission must be able to investigate possible securities infractions and undertake civil enforcement actions even after Justice has begun a criminal investigation. For the SEC to stay its hand might well defeat its purpose."); *SEC v. First Fin. Group of Texas, Inc.*, 659 F.2d 660, 666-68 (5th Cir. 1981) (holding that the district court did not err in declining to stay a Commission enforcement proceeding after a federal grand jury began a criminal investigation); *SEC v. Constantin*, 2012 WL 1195700, at *2 (denying stay and finding that

6

"Courts in this circuit have consistently taken the view that denial of a stay is appropriate when a defendant has not yet been indicted.").

In this case, not only does the lack of a criminal indictment weigh heavily against a stay, but the remaining five factors together weigh further against a stay. The only factor in Brenner's favor is the first one, the overlap between this action and the criminal investigation. This factor virtually always favors the moving defendant in Commission enforcement actions with parallel criminal investigations, yet courts in this Circuit have routinely declined to stay such actions prior to indictment, as set forth above. This factor alone cannot tip the scales.

The third and sixth factors, the Commission's interest and the public interest, weigh heavily against a stay. The Commission and the public have a significant interest in the Commission's promptly obtaining both an injunction to prevent Brenner from committing future securities fraud violations and monetary relief, including disgorgement and a penalty from Brenner, for the benefit of defrauded investors. *See Wheeler*, 2011 WL 4745048, at *5 (citing, among other factors, "the public interest in disgorgement of allegedly wrongfully obtained profits" in denying a pre-indictment stay). Furthermore, delaying this proceeding would make it more difficult for the Commission to prove its claims, because witnesses may become unavailable and memories may fade.

Finally, the fourth and fifth factors weigh against a stay. The fourth factor, the burden on Brenner, is limited, because Brenner has not been indicted. *See Sterling Nat'l Bank*, 175 F. Supp. 2d at 577. The fifth factor, the Court's interest, weighs against a stay, because the Court has an interest in resolving civil cases expeditiously. *See Wheeler*, 2011 WL 4745048, at *6 ("[T]he interest of the courts is in a speedy resolution of this civil matter."); *Sterling Nat'l Bank*, 175 F. Supp. 2d at 580 ("[A stay] is also a burden on the court's ability to manage its cases.").

Brenner does not cite any facts unique to this case that would tip these factors in favor of a stay, and does not cite to any cases involving the stay of a Commission case before a criminal indictment that would support his argument.[1]

In sum, neither law nor fact supports a stay of this Commission enforcement action prior to an indictment, so Brenner's motion to stay should be denied.

## **CONCLUSION**

For all of these reasons, the Court should deny Defendant's motion to stay.

Dated: September 19, 2018

    New York, New York

By:    /s/Dugan Bliss
Marc P. Berger
Lara S. Mehraban
Thomas Smith
Dugan Bliss
Dina Levy
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
200 Vesey Street, Suite 400
New York, New York 10281-1022
(212) 336-0971 (Bliss)
Email: BlissD@sec.gov

---

[1] Brenner relies on *Walsh Securities, Inc. v. Cristo Property Mgmt. Ltd.*, 7 F. Supp. 2d 523 (D.N.J. 1998), but that case did not involve a Commission action, which the *Walsh* court itself recognized as a distinguishing factor: "Courts have denied stays where the civil case, brought by a government agency, was intended to protect the public. . . ." *Id.* at 529 (citing *SEC v. Dresser*, 628 F.2d at 1377).

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that this memorandum complies with this Court's Individual Practices Rule 2(D) word limitation of 7,000 words or fewer and formatting rules. Based on a word count using Microsoft Word®, the above filing contains approximately 2,415 words, excluding the cover page, this certificate, the table of contents, and the table of authorities. This filing is formatted in double-space, legible font, and with reasonable margins.

Dated: September 19, 2018
      New York, New York

                                       /s/ Dugan Bliss_____
                                       Dugan Bliss