USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/2/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

U.S. SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

- against -

PERRY SANTILLO, et al.,

                Defendants.

---

18 Civ. 5491 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

    Defendant Thomas Brenner moves to stay this civil proceeding -- brought by the United States Securities and Exchange Commission ("SEC") -- pending resolution of a parallel criminal investigation brought by the United States Attorney for the Northern District of Ohio. Alternatively, Brenner requests a stay for a period of six months.

### I.

    In this case, the SEC claims that the defendants -- including defendant Brenner -- operated a more than $102 million Ponzi scheme that defrauded at least 637 investors. (Dkt. No. 1.) Approximately two weeks before this case was filed, Brenner received a letter from the United States Attorney's Office for the Northern District of Ohio. That letter informed Brenner that he was the target of a federal investigation involving criminal violation of the securities laws. The parties agree

1

that the factual basis underpinning that investigation shares a substantial factual overlap with the facts of the present case.

Brenner moves to stay this case pending resolution of the Ohio criminal investigation or, alternatively, to stay this case for six months. Brenner argues that it will be burdensome for him to litigate both cases concurrently. Specifically, Brenner asserts that dual litigation will place him in the difficult position of having to choose whether to exercise his Fifth Amendment right against self-incrimination in this civil proceeding -- which could be used as the basis for an adverse inference against him -- or testifying, which leaves the possibility that the testimony will be used against him in the criminal proceeding.

## II.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96 (2d Cir. 2012) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). Courts do not automatically stay civil proceedings because a defendant has been charged criminally. See id. at 96-104. Indeed, there is nothing unconstitutional about requiring a defendant to litigate parallel civil and criminal proceedings at the same time.

2

United States v. Kordel, 397 U.S. 1, 11 (1970); Nosik v. Singe, 40 F.3d 592, 596 (2d Cir.1994) ("Nothing in the Constitution forbids contemporaneous civil and criminal proceedings concerning the same subject matter."). However, "a court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem to require such action." Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986) (quotation marks omitted).

A stay should be imposed only after a "particularized inquiry into the circumstances of, and the competing interests in, the case." Louis Vuitton, 676 F.3d at 99. The party seeking the stay bears the burden of establishing its need. Id. at 97. "Absent a showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why plaintiff should be delayed in its efforts to diligently proceed to sustain its claim." Id. (quotation marks and alteration omitted).

In evaluating whether to grant such a stay, courts in this Circuit consider the following factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

Id. at 99 (citation omitted). "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice. The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter." Volmar Distrib., Inc. v. N.Y. Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

**A.**

These balancing factors, as applied to the facts of this case, favor granting a 90-day stay of Brenner's deposition but allowing documentary discovery to proceed.

First, overlap between the cases. In this case, there is no dispute that there is substantial overlap between the civil and criminal cases.

Second, status of the case and indictment. Generally, courts in this Circuit have denied requests for a stay where, as here, the defendant has not yet been indicted. Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc., 175 F. Supp. 2d 573, 577 (S.D.N.Y. 2001) ("[T]he likelihood that a civil party can make the necessary showing to obtain the 'extraordinary remedy' of a stay [pre-indictment] . . . is inevitably much reduced."); In re Par Pharma., Inc. Sec. Litig., 133 F.R.D. 12, 13-14 (S.D.N.Y. 1990) (holding that where "[n]o indictments . . . have yet issued," "[t]he weight of authority . . . counsels against granting a stay") (collecting cases); SEC v. Constantin, No.

4

11cv4642, 2012 WL 1195700, at *1 (S.D.N.Y. Apr. 9, 2012) (denying pre-indictment stay of proceedings).

Conversely, courts routinely grant stays post-indictment. See In re Par Pharma., 133 F.R.D. at 13-14 ("The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment . . . but will deny a stay of the civil proceeding where no indictment has issued." (citations omitted)). This case falls somewhere in the middle -- Brenner received a letter from the United States Attorney's Office in June 2018 notifying him that he is under investigation, but he has not yet been indicted. There is no evidence that he will or will not be indicted; but, at the very least, he is under imminent threat of an indictment and will be forced to litigate this civil case with the fear that he will later be indicted.

Third, the plaintiff's interests. The SEC has an interest in pursuing relief expeditiously. As time goes by, witnesses' memories fade or the witnesses may lost entirely. However, the Court has already granted preliminary injunctive relief and an asset freeze, mitigating some of the risk that a stay might pose to the SEC.

Fourth, burden on the defendant. If this case is not stayed Brenner will face the difficult decision of asserting his Fifth Amendment right not to incriminate himself at the risk of

5

losing a civil trial, or waiving those rights to defend himself in this civil proceeding at the risk of incriminating himself. This would be a significant, albeit constitutional, burden on the defendant. Gellis v. Casey, 338 F. Supp. 651, 653 (S.D.N.Y. 1972) ("There is no violation of due process where a party is faced with the choice of testifying or invoking the Fifth Amendment.").

Fifth, the Court's interest. The Court's interest in pursuing the fair administration of justice will not be affected by either a grant or denial of Brenner's motion.

Sixth and finally, the public interest. The public interest in this case is mixed. The public has an interest in assuring that the SEC is able to pursue its actions expeditiously. However, the public interest is not served by burdening a defendant's ability to exercise his Fifth Amendment rights, if that is reasonably avoidable.

\* \* \*

On balance, these factors weigh in favor of granting a stay of Brenner's deposition for 90 days, but not a stay of documentary discovery. This stay will allow time for a decision to be made by the United States Attorney's Office for the Northern District of Ohio on whether it will pursue an indictment against Brenner and allow the SEC to continue

6

litigating its civil case, with only a small delay of Brenner's deposition.

## CONCLUSION

For the foregoing reasons, the Court will **grant** a stay of Brenner's deposition for 90 days. The motion for a stay is otherwise **denied**.

To the extent not specifically addressed, the arguments are either moot or without merit. The Clerk of Court is directed to close Docket Number 60.

**SO ORDERED.**

**Dated:** New York, New York
November 2, 2018

John G. Koeltl
United States District Judge