UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

- against -

PERRY SANTILLO, CHRISTOPHER PARRIS, PAUL ANTHONY LAROCCO, JOHN PICCARRETO, THOMAS BRENNER, FIRST NATIONLE SOLUTION, LLC, PERCIPIENCE GLOBAL CORPORATION, and UNITED RL CAPITAL SERVICES,

Defendants.

ANTHONY FRASSETTI and VINCENT ALISON,

Proposed Intervenors.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 2/13/19

Civil Action
Case No.: 1:18-cv-05491-JGK

Hon. John G. Koeltl

## SO ORDERED STIPULATION MODIFYING ASSET FREEZE ORDER AS TO DEFENDANTS PERRY SANTILLO AND FIRST NATIONLE SOLUTION, LLC

WHEREAS, on June 19, 2018, the Securities and Exchange Commission ("Plaintiff") filed a Complaint alleging, that, since July 2012, Defendant Perry Santillo ("Santillo") and Defendant First Nationle Solution ("FNS") participated in a Ponzi scheme to defraud investors;

WHEREAS, on June 27, 2018, the Hon. John G. Koeltl, upon the application of the Plaintiff (ECF Doc. 6) issued an Order granting a Preliminary Injunction, an Asset Freeze, and Other Relief as to Defendant Santillo and Defendant FNS, which, *inter alia*, froze all of the assets of Defendant Santillo and Defendant FNS ("Asset Freeze Order") (ECF Doc. 15);

1

**WHEREAS**, non-parties Anthony Frassetti and Vincent Alison (collectively "Lenders") assert that on November 19, 2015, Defendant FNS, Defendant Santillo, and non-party Richard Vito ("Vito") purchased the premises located at 1506-1508 Whitesboro Street, Utica, New York, Block 2, Lot 18, Section 318.22 (the "Property") ;

**WHEREAS**, the Lenders assert that, on November 19, 2015, Defendant Santillo and Vito individually, and as members and managers of and on behalf of Defendant FNS, and as guarantors (collectively the "Borrowers"), jointly and severally, duly executed and delivered to the Lenders a promissory note (the "Note") in the face amount $950,000.00 memorializing a loan in said amount;

**WHEREAS**, the Lenders assert that the term of the loan was for one year commencing on November 19, 2015, and maturing on November 19, 2016, at which time the principal and all interest due on the Note would become due and payable;

**WHEREAS**, the Lenders assert that, for the purpose of securing payment of said loan, on November 19, 2015, Defendant FNS, as mortgagor, by its members, duly executed, acknowledged and delivered to the Lenders, as mortgagee, a Mortgage, Assignment of Leases and Rents and Security Agreement (the "Mortgage") encumbering the Property;

**WHEREAS**, the Lenders assert that the Mortgage was duly recorded on December 18, 2015, in the Office of the Oneida County Clerk, Instrument No: 2015-018808, and the recording charges were duly paid;

**WHEREAS** the Lenders assert that its loan, interest, fees, etc. is due and owing and that the loan is in default;

**WHEREAS** the Lenders assert that there exist other creditors with perfected security interests in the property;

2

WHEREAS, the Lenders assert that, on August 31, 2018, the Lenders commenced an action in the New York Supreme Court, Oneida County entitled *Vincent Alison et al. v. First Nationle Solution, LLC et al.*, Index No. 002521/2018, to foreclose upon the Mortgage encumbering the Property ("NY Foreclosure Action");

WHEREAS, the Lenders are currently prevented from foreclosing on the Property under the terms on the Asset Freeze Order; and

WHEREAS, the Lenders assert that after a sale of the property and satisfaction of the various security interests, there will be little to no value left for the defrauded investors and stakeholders.

**NOW, IT IS HEREBY STIPULATED**, by and between the undersigned and on behalf of their respective clients, that

1. The Asset Freeze Order shall be modified to permit the Lenders to continue to prosecute the NY Foreclosure Action without restriction, to obtain a judgment of foreclosure and sale of the Property (the "Foreclosure Sale"), and/or execute a settlement of the NY Foreclosure Action pursuant to that certain Deed in Lieu of Foreclosure Agreement (the "Deed In Lieu Agreement");

2. In the event that the Property is sold pursuant to the Foreclosure Sale, then the Lenders shall:

   (a) First use the proceeds to satisfy its secured claims and then to pay the remainder to any junior lienholders and tax claimants;

   (b) Notify the Plaintiff of the proceeds of sale, and provide an accounting of the proceeds and the claims and amounts that have been paid from the proceeds within 10 days of payment of the final claims;

3

(c)    In the event that proceeds remain after the payment of such claims, the Lenders shall deposit the remainder into the Court Registry Investment System for the United States District Court for the Southern District of New York;

3.    That with the exception of the modification set forth in this Stipulation, (i) the provisions in the Court's June 19, 2018 Order to Show Cause and Temporary Restraining Order Freezing Assets and Granting Other Relief, and (ii) the Asset Freeze Order as set forth in the Preliminary Injunction Order, remain in full force and effect as originally entered.

Dated: February 12, 2019

Marco and Sitaras PLLC

By: _____
George Sitaras Esq.
200 Liberty Street, 27th Floor
New York, NY 10281
(646) 597-4616
George@gmgslaw.com

Securities and Exchange Commission

By: _____
Dugan Bliss
U.S. Securities and Exchange Commission
200 Vesey St., Ste. 400
New York, New York 10281
(212)336-0971
levydi@sec.gov

Nobles and Decarolis

By: _____
Jamie Nobles, Esq.
45 Exchange Blvd. Suite 275
Rochester, NY 14614
(585) 546-1260
smatasar@matasarjacobs.com

GRANTED AND SO ORDERED:

_____
Hon. John G. Koeltl, U.S.D.J.

2/13/19

4

(c) In the event that proceeds remain after the payment of such claims, the Lenders shall deposit the remainder into the Court Registry Investment System for the United States District Court for the Southern District of New York;

3. That with the exception of the modification set forth in this Stipulation, (i) the provisions in the Court's June 19, 2018 Order to Show Cause and Temporary Restraining Order Freezing Assets and Granting Other Relief, and (ii) the Asset Freeze Order as set forth in the Preliminary Injunction Order, remain in full force and effect as originally entered.

Marco and Sitaras PLLC

By:_____
George Sitaras Esq.
200 Liberty Street, 27th Floor
New York, NY 10281
(646) 597-4616
George@gmgslaw.com

Securities and Exchange Commission

By: Dina Levy
U.S. Securities and Exchange Commission
200 Vesey St., Ste. 400
New York, New York 10281
(212)336-0971
levydi@sec.gov

Nobles and Decarolis

By:_____
Jamie Nobles, Esq.
45 Exchange Blvd. Suite 275
Rochester, NY 14614
(585) 546-1260
smatasar@matasarjacobs.com

GRANTED AND SO ORDERED:

_____
Hon. John G. Koeltl, U.S.D.J.

4