

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

July 5, 2022

**VIA ECF**
Hon. John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street, Room 14A
New York, New York 10007

*Any response to the application should be filed by July 12, 2022.
So ordered.
7/5/22   /s/ John G. Koeltl U.S.D.J.*

Re:   *Securities and Exchange Commission v. Santillo, et al.,* 18-cv-5491 (S.D.N.Y.)

Dear Judge Koeltl:

Plaintiff Securities and Exchange Commission ("SEC") respectfully requests that the Court modify the Stipulated Order for a Preliminary Injunction, an Asset Freeze, and Other Relief as to defendant Paul A. LaRocco (the "Asset Freeze Order") entered on June 29, 2018. (D.E. 18). The SEC seeks this modification for the purpose of allowing the sale of real property in which Mr. LaRocco has an interest, located in Florida (the "Florida Property"), and which has no equity. The Defendants have not responded to the SEC's request for comments regarding the filing of this motion.

## I.   BACKGROUND

On June 29, 2018, the SEC filed suit against Mr. LaRocco and other named defendants regarding a fraudulent Ponzi scheme in which the defendants raised over $102 million from over 600 investors across the United States. (D.E. 1). Also on that date, the Court entered the Asset Freeze Order as to Mr. LaRocco's assets. (D.E. 18). On July 12, 2018, the SEC filed a Notice of Lis Pendens against the Florida Property in the public records of Marion, County, Florida.

The Florida Property is located at 108 N. Magnolia Avenue, Unit 403, Ocala, Florida 34475 and has the following legal description:[1]

> Unit No. 403 of Ocala National Bank Building Condominium, a Condominium according to The Declaration of Condominium recorded in OR Book 2467, Page 1139, and all exhibits and amendments thereto, Public Records of Marion County, Florida.

---

[1] *See* https://www.pa.marion.fl.us/PRC.aspx?key=3166515&YR=2022&mName=False&mSitus=False

In November, 2021, non-party Charles Ruse, Jr. and Barbara Ruse conducted a foreclosure sale against the Florida Property. *See Charles Ruse, Jr. et al. v. Paul A. LaRocco et al.*, Case No. 2019-CA-000200 (Fla. 5th Cir. Ct.) (the "Florida Action"). The plaintiffs in the Florida Action did not name the SEC as a party to that action. On April 8, 2022, the plaintiffs in the Florida Action filed a Complaint to Reforeclose a Mortgage (the "Reforeclosure Action") against the SEC in the Circuit Court for Marion County, Florida, in an attempt to cure their failure to include the SEC as a party to the Florida Action. *See Charles Ruse, Jr. and Barbara Ruse v. Securities & Exchange Commission*, Case No. 2022-CA-668 (Fla. Cir. Ct.). On May 25, 2022, the SEC removed the Reforeclosure Action to the United States District Court for the Middle District of Florida. *See Charles Ruse, Jr. and Barbara Ruse v. Securities & Exchange Commission,* Case No. 5:22-cv-248-GAP-PRL (M.D. Fla.).

The Plaintiffs' mortgage lien against the Florida Property was recorded in the Public Records of Marion, County, Florida, on February 28, 2018, prior to the recording of the SEC's Notice of Lis Pendens on July 12, 2018. *See Charles Ruse, Jr. et al.*, Case No. 2019-CA-000200. In addition, the Florida Property is valued at $55,000.00 and the Plaintiffs' mortgage lien has a balance exceeding this amount of approximately $76,000.00.[2] *Id.*

## II. ARGUMENT

Generally, the authority to issue a preliminary asset freeze is within the equitable power of the district court. *See SEC v. Santillo,* No. 18 Civ. 5491, 2018 U.S. Dist. LEXIS 116290, at *3-4 (S.D.N.Y. July 11, 2018) (citation omitted). "An asset freeze 'facilitate[s] enforcement of any disgorgement remedy that might be ordered in the event a violation [of the securities laws] is established at trial.'" *Id.* at *4 (citation and quotation omitted). Thus, a party may seek to modify an asset freeze order if the modification "is in the interest of the defrauded investors." *Id.* at *6 (citation omitted). The decision to modify an asset freeze order involves exercise of the district court's discretion. *Id.* at *4.

Here, a carve out the Florida Property from the Asset Freeze Order is appropriate because the Plaintiffs' mortgage lien on the Florida Property is superior to the SEC's lien thereon and the Florida Property has no equity. Therefore, the Florida Property's sale will have no effect on any future disgorgement payment to defrauded investors. *See Santillo*, 2018 U.S. Dist. LEXIS 116290, at *6.

---

[2] Based upon the Marion County Property Appraiser's website at pa.marion.flu.us, the Florida Property was valued at $58,032 for 2021 property taxes (current as of 6/30/2022). *See* OR Book 7331, Page 0434.

For the reasons stated, the SEC respectfully requests that the Court grant the motion.

Respectfully submitted,

/s/ Pascale Guerrier
Pascale Guerrier

cc: All parties (via ECF)