UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

-against-

PERRY SANTILLO, et al.,

        Defendants.

18-CV-5491 (JGK) (BCM)

**ORDER SCHEDULING SETTLEMENT CONFERENCE**

**BARBARA MOSES, United States Magistrate Judge.**

A telephonic settlement conference is scheduled before Magistrate Judge Barbara Moses on **June 27, 2024, at 2:00 p.m**. Plaintiff Securities and Exchange Commission (SEC) and defendant Christopher Parris must attend the conference.

> **THE PARTIES ARE DIRECTED TO READ THIS ENTIRE ORDER CAREFULLY. FAILURE TO COMPLY WITH PRE-CONFERENCE RESPONSIBILITIES MAY RESULT IN SANCTIONS.**

1.     Attendance of Parties Required. Plaintiff SEC may attend the settlement conference (by telephone) through its counsel of record in this action. Counsel must be fully knowledgeable concerning the facts of the case, relevant law, and the progress of the case to date, including any prior settlement discussions. Defendant Parris, who is currently incarcerated at FCI Yazoo City, is not represented by counsel in this civil proceeding. Therefore, he must personally attend the conference (by telephone).[1]

---

[1] Mr. Parris was represented by attorney John Speranza in the related criminal proceedings against him. *See United States v. Parris*, 21-cr-06185-FPG (W.D.N.Y.); *United States v. Parris*, 21-cr-06082-FPG (W.D.N.Y.). However, no attorney has appeared on his behalf in this civil action. The SEC has informed the Court that Mr. Parris previously referred settlement-related inquiries to "his attorney," but that Mr. Speranza has declined to represent Mr. Parris in this matter. Under these circumstances, the SEC cannot negotiate with Mr. Speranza. Nor can this Court compel him to act on Mr. Parris's behalf.

2. <u>Pre-Conference Settlement Discussion Required</u>. The purpose of a Court-facilitated settlement conference is to settle the case – not simply to begin a settlement dialog. **The Court therefore requires that, promptly after receipt of this Order, the parties conduct at least one good-faith settlement discussion (which may be by telephone) in advance of the deadline, set forth below, for submitting confidential settlement letters. Past settlement negotiations may not be relied upon to satisfy this requirement**. The parties should continue such discussions among themselves prior to the conference so as to clarify issues, narrow disputes, and otherwise make the conference as efficient and meaningful as possible.

3. <u>Confidential Settlement Letter</u>. No later than one week (seven calendar days) before the conference, the parties shall submit confidential settlement letters to chambers, marked "Confidential Material for Use Only at Settlement Conference." The SEC may submit its letter by email, to the chambers email address for Judge Moses. Defendant Parris may mail his letter to:

> Chambers of Magistrate Judge Barbara Moses
> United States Courthouse, #740
> 500 Pearl Street
> New York, NY 10007

Settlement letters should not be filed on ECF.

4. <u>Contents of Settlement Letter</u>. Settlement letters are limited to six pages, not including any exhibits, which are permitted but should be kept to a minimum. Each letter should contain:

  a. A summary of the relevant facts and law, focusing on the issues most pertinent to settlement.

  b. A brief description of settlement negotiations to date, including the date and time of the parties' last good-faith settlement discussion and the terms of each party's most recent demand or offer. If there are any extra-legal impediments to settlement, note them here.

        c.        Any other information likely to be helpful to the settlement process.

5.      <u>Conduct of the Conference</u>.  All proceedings at the settlement conference will be confidential. Discussions are "off the record," and may not be used in discovery or at trial. The Court will function as a mediator. Efficient use of this process requires that the parties/counsel be prepared for the conference and candid with the Court. Following an initial joint session, the Court may work separately with each side in private. During these sessions the Court may address questions directly to the parties and will expect candid responses. Additional joint sessions may be convened thereafter if likely to advance the goal of settlement.

6.      <u>Teleconferencing</u>**.** All attendees must participate in the settlement conference using the Court's teleconferencing facilities. The parties are directed to call (888) 557-8511 on their scheduled date, a few minutes before their scheduled time, and enter (a) the access code 7746387. The parties are advised that the Court's teleconferencing facilities permit both group conferences and private caucuses with each party or group of parties (and relevant counsel).

7.      <u>Requests to Reschedule the Conference or Modify these Procedures</u>. Requests to reschedule the settlement conference, or to modify the page limits, attendance requirements, or other provisions of this Order, must be made by letter-motion, filed via ECF in accordance with the Individual Practices of Judge Moses, as soon as the need for the adjournment or modification arises and in any event at least one week (seven calendar days) before the scheduled conference. Requests for adjournment must include two proposed dates, acceptable to all parties and counsel, for the rescheduled conference. Before proposing dates, the parties are advised to call chambers to determine the Court's availability. Requests to modify the attendance requirements will be granted only on a showing of significant hardship. If the parties settle the case prior to the scheduled conference, they must promptly so inform the Court by letter, filed via ECF, stating whether the

4

settlement requires Court approval and, if not, how much time the parties require to submit a stipulation of dismissal to the district judge.

8. <u>No Effect on Other Deadlines</u>. Neither the scheduling of a settlement conference nor any adjournment affects the parties' other litigation deadlines or obligations.

The Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* defendant Christopher Parris (BOP Register Number: 01004-509) at: Yazoo City Low FCI, 2225 Haley Barbour Parkway, Yazoo City, MS 39194.

Dated: New York, New York
       May 17, 2024

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**